UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANTÉ COLEMAN,

                              Plaintiff,

                -against-

IEH AUTOPARTS LLC,

                              Defendant.

24-CV-3507 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's federal question jurisdiction, alleging that her employer discriminated against her. She sues IEH Auto Parts LLC. By order dated May 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's Employment Discrimination Complaint form.

She has checked the box on the form to indicate that she is asserting claims under the Americans

with Disabilities Act of 1990 ("ADA"), and in section of the form that requires her to specify her

disability or perceived disability, Plaintiff has written "1995." (ECF 1, at 4.) She has checked off

boxes to indicate that her employer terminated her employment, did not accommodate her

disability, retaliated against her, and harassed her or created a hostile work environment. (*See id.*

at 5.)

Plaintiff alleges,

> For two years I worked with Autoplus but transfer from NJ to New York due to
> domestic viol[e]nce partner[.] When I entered Auto Plus in New York I was
> working with an employee who was training me[.] For one day I realise later on

2

she disagree to give me the information to perform the job so I struggled to complete task as the time went by Auto Plus took action on me and that lead me to be fired after Kayla made a hostile work enviro[n]ment. Auto Plus agreed to whatever Kayla would tell them. Auto Plus asked me to go back to where I came from after them knowing why I came to that facilities from a previous write up I had receive due to my situation. Auto Plus denied me to have a personal leave of absence. I was bullied the 4 months I was there until I was fired.[1]

(*Id.* at 6.)

Plaintiff attaches to the complaint a Notice of Right to Sue from the United States Equal Employment Opportunity Commission which is dated February 21, 2024. (*See id.* at 9.)

Plaintiff does not specify the relief she is seeking.

## DISCUSSION

Because Plaintiff checked off the box to assert claims under the ADA, the Court understands the complaint as attempting to assert claims under that statute. "The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Other federal employment discrimination statutes, such as Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, protect against discrimination based on other protected characteristics, such as race, color, sex, national origin, and age.

These federal antidiscrimination statutes prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106,

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless other indicated.

112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made

unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that

conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic

or opposition to unlawful conduct is not actionable under these federal antidiscrimination

statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown

v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly

allege that (1) the employer took adverse employment action against [her], and (2) [her protected

characteristic] was a motivating factor in the employment decision." *Vega v. Hempstead Union

Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that

directly show discrimination or facts that indirectly show discrimination by giving rise to a

plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff has checked the box on the complaint form to assert a claim under the

ADA, but she does not specify her disability.[2] Moreover, her allegations do not suggest that her

employer took any adverse employment action against her based on a disability, perceived

---

[2] Plaintiff alleges that she is a victim of domestic violence. (ECF 1, at 6.) Although "many of the physical and mental challenges faced by people who have suffered domestic violence may qualify, in themselves, as disabilities under the ADA, . . . having suffered domestic violence does not alone form a sufficient basis for a claim of disability under the ADA." *George v. New York City Dep't of Corr.*, No. 12-CV-2963, 2015 WL 5579691, at *8 (E.D.N.Y. Sept. 22, 2015). While the New York State Human Rights Law does make it illegal to discriminate against an employee because of their status as a victim of domestic violence, *see* N.Y. Exec. Law § 296, Plaintiff alleges that both she and Defendant are residents of the State of New York, and the Court therefore lacks diversity of citizenship jurisdiction to consider such any state law claims Plaintiff may be asserting, *see* 28 U.S.C. § 1332. Moreover, because Plaintiff has not stated a viable federal claim at this stage, the Court declines, at this time, to exercise supplemental jurisdiction of any state law claims. *See* 28 U.S.C. § 1367(c)(3).

disability, or any other characteristic that is protected by federal employment discrimination statutes. Plaintiff therefore fails to state a claim under any of the federal employment discrimination statutes.

The Court grants Plaintiff leave to file an amended complaint alleging additional facts to state a viable employment discrimination claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege enough additional facts to state a valid employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to allege additional facts suggesting that her employment took an adverse employment action against her because of a protected characteristic such as her race, color, age, sex, national origin, or disability. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3507 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may consent to receive court documents by email by completing the attached

form, Consent to Electronic Service.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 27, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

       -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
              *(check one)*

**___ Civ. _____ ( ___ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____       Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
                ***NOTE:***  *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____       Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
                ***NOTE:***  *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
                ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____       New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____       New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I.  Parties in this complaint:

A.  List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

B.  List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant       Name  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

                Employer  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

## II.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

_____        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

_____        Retaliation.

_____          Other acts *(specify)*: _____.

> *Note:*   *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                          *Date(s)*

C.   I believe that defendant(s) *(check one)*:

_____          is still committing these acts against me.

_____          is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐   race    _____          ☐   color   _____

☐   gender/sex    _____          ☐   religion_____

☐   national origin  _____

☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> *Note:*   *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

*Rev. 07/2007*                              3

_____        has not issued a Notice of Right to Sue letter.

_____        issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note:* *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____        60 days or more have elapsed.

_____        less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

Signature of Plaintiff  _____

Address  _____

_____

_____

_____

Telephone Number  _____

Fax Number *(if you have one)*  _____

*Rev. 07/2007*                                    4

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address          City          State          Zip Code


_____
Telephone Number          E-mail Address


_____
Date          Signature


**Click Here to Save**